PEOPLE ex rel. PEERLESS MANUF'G CO. v. GLEASON, Mayor.

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

MUNICIPAL CORPORATIONS—CONTRACTS—MANDAMUS TO MAYOR.

Where a contract is awarded by the common council of a city over the veto of the mayor, the city is bound by the contract, and *mandamus* will lie to the mayor to sign a warrant to discharge the indebtedness incurred under the contract.

Appeal from special term, Queens county.

Application by the Peerless Manufacturing Company for a *mandamus* to Patrick J. Gleason, mayor of Long Island City, to sign a warrant to pay for rubber hose furnished the city by the relator under contract. Defendant appeals.

Argued before BARNARD, P. J. and DYKMAN and PRATT, JJ.

*W. J. Foster*, for appellant. *A. T. Payne*, for respondent.

DYKMAN, J. This appeal is entirely destitute of merit. The common council of Long Island City is the controlling, governing power of the city. The mayor is in possession of the veto power, but the common council may overrule the veto and objection of the mayor, and pass a resolution and make a contract notwithstanding such veto. That was done in this case, and the action of the common council concluded and bound the city, and it was the duty of the mayor to sign the warrant for the discharge of the indebtedness. The order should be affirmed, with costs and disbursements.